Daniels, J.
The action has been brought to obtain a judgment requiring a transfer on the corporate books of the defendant of 273 shares of its stock claimed to be owned by the plaintiff. Various matters were set forth in the answer by way of defense, but those which, have been directed to be stricken out include averments of facts, a brief synopsis of which is contained in the points of the defendant’s counsel. This synopsis sets forth substantially the ground work of so much of the defense as was considered by the court to be irrelevant to an action of this description. The facts- as *653 they are collated which these portions of the answer contained are briefly as follows:
The first defense, in substance, that the defendant was organized in February, 1882, as a manufacturing corporation under the New York general law, expressly for the purpose of operating the J. B. Page factory, at Richmond, Va., which had been purchased for defendant by Esberg, Bach-man and Ehrmann, and conveyed by them to defendant; that the New York stockholders of defendant took their stock upon an agreement with Esberg, Bachman and Ehrmann, that the latter should take a majority of the stock, and control and manage the company, giving it the benefit of their experience and facilities, and upon that understanding the company was organized, $300,000 of capital contributed, the factory bought, 400 men employed, and the business actively and prosperously carried on; that the interference of a California receiver, as a stockholder of record of a majority of the stock, and so electing trustees and officers, would be an interference with and inconvenience to New York citizens, the company and its stockholders, by a foreign receiver, not permissible in a court of equity in this state, especially as there was no finding in the California action that any body other than Esberg, Bachman & Company, had any interest in said 273 shares. And it is entirely clear from them, as well as the much more elaboration of them contained in the answer, that they are entirely irrelevant to the controversy which the action has been brought to settle. They afford no legal reason why the stock should not be transferred, or the plaintiff permitted to maintain the action, not contained within the other portions of the answer. They were very clearly irrelevant, and the order made directing them to be stricken from the answer was right, and should be affirmed with the usual costs and disbursements.
Davis and Brady, JJ., concur.